**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EDUARDO RODRIGUEZ-ARIAS,
 A# 206-013-117,                                    *

Petitioner                                            *

v.                                                      *          Civil Action No. JKB-17-1209

WARDEN DONNA BOUNDS,[1]                *

Respondent                                       *
                                                    ***

## MEMORANDUM

Petitioner Eduardo Rodriguez-Arias, a citizen of El Salvador, filed this habeas action pursuant to 28 U.S.C. § 2241, challenging his detention in immigration custody pending completion of proceedings seeking his removal from this country. Rodriguez-Arias seeks immediate release and argues the length of his detention surpasses the presumptively reasonable period of time for detention pending removal under *Demore v. Kim*, 538 U.S. 510 (2003). ECF 1; ECF 3. [2]

Respondent, the Warden of the Worcester County Detention Center, through counsel, argues that Rodriquez-Arias has received all the due process and relief to which he is entitled. He seeks dismissal of the petition for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. ECF 5. Rodriquez-Arias has filed an opposition response to the motion (ECF 6), and respondent has filed a reply. ECF 7. Additionally, Rodriguez-Arias argues in his Motion to Renew Habeas Corpus that he is entitled to a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Warden of Worcester County Detention Center, Donna Bounds, is substituted as the proper respondent in the place of Gary Mumford, who no longer holds the position.

[2] This Memorandum cites to pagination assigned through the Court's electronic filing system.

"reasonable bond hearing."  ECF 8.[3]

A hearing is not needed to resolve the case.  *See* Loc. Rule 105.6 (D. Md. 2016).  For reasons stated herein, the petition is DENIED and DISMISSED without prejudice and the motion for a bond hearing is DENIED.

## Background

The following facts are uncontested.  Rodriguez-Arias entered the United States illegally in 2005, and is now the subject of removal proceedings pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).  ECF 5-2; ECF 5-3.

Rodriguez-Arias was convicted in 2013 in Montgomery County, Maryland, for driving under the influence (DUI) while transporting a minor, for which he received six months of probation. ECF 5-5 at p. 4.  He later was arrested in Montgomery County in a separate DUI offense.  *Id.*  On March 10, 2014, Rodriquez-Arias was taken into custody by Immigration Customs Enforcement (ICE) personnel and held at the Worcester County Detention Center.  ECF 5-3 at p. 2; ECF 5-5 at p. 3.  He was released by an Immigration Judge (IJ) on $5,000.00 bond on April 2, 2014.  ECF 5-4 at p. 2.

While held in ICE custody, Rodriguez-Arias was unable to appear at the hearing for his second DUI arrest.  On March 27, 2014, a warrant was issued for failure to appear.  On July 11, 2014, he was convicted of DUI and sentenced to 60 days of incarceration with 52 days suspended.  He failed to report to his probation officer as required under the terms of his first DUI conviction, and in June of 2014 a violation of probation warrant was issued.  He appeared at the parole and probation office on July 17, 2014, where he was arrested and detained by ICE

---

[3] Respondent's first Reply (ECF 7) addresses the bond issue. This court lacks subject matter jurisdiction pursuant to 8 U.S.C. § 1226(e) to review an immigration court's discretionary bond determinations. *See Galvez v. Lewis*, 56 F. Supp. 2d 637, 641 (E.D. Va. 1999) (§ 236(e) divests this court of the authority to review discretionary decisions by the immigration court under § 236(a) regarding petitioner's detention and bond.)

based on his second DUI conviction and because he had been charged with assault on the mother of his child. On August 11, 2014, he was released on $10,000.00 bond by an IJ. ECF 5-7 at p. 5; ECF 5-6 at p. 2.

On September 25, 2014, Rodriguez-Arias pleaded guilty to second-degree assault in the District Court for Montgomery County, Maryland, and was sentenced to five years, with four years and 180 days suspended.[4] Additional charges, including first-degree assault and reckless endangerment, were placed on the stet docket.[5] *See State of Maryland v. Rodriguez-Arias*, Case No. 3-D-00318447 (Dist. Ct. Mont. Co.).[6] 5-1 at p. 3-9.

In November of 2015, Rodriquez-Arias ignored a protective order issued by the Montgomery County District Court, and again assaulted the mother of his child.[7] Based on his criminal conduct and gang involvement, ICE determined that Rodriquez-Arias was a serious threat to public safety, and on January 28, 2016, recommended that his bond be revoked. ECF 5-7 at p. 5. He was taken into custody that same day and waived his right to appear before an IJ on the custody determination, effectively withdrawing his request for a bond hearing pending the completion of removal proceedings. *Id.* at p. 6. On March 9, 2016, he pleaded guilty in Montgomery County Circuit Court to second-degree assault/domestic related, and was sentenced to 722 days of incarceration, with all but 60 days suspended and continuance on probation. *See State v. Rodriguez-Arias*, Case No. 125895-C (Mont. Co. Cir. Ct.).

---

[4] The violence was directed toward the mother of one of his children, who had received a protective order against him. ECF 5-7 at p. 5.

[5] The State entered a *nolle prosequi* on the first-degree assault charge on June 27, 2014.

[6] See http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

[7] During the assault, Rodriguez-Arias kicked, choked, slapped, and threatened violence towards the mother in the child's presence. ECF 5-7 at p. 5.

On May 16, 2016, the IJ denied all applications for relief from removal and ordered Rodriguez-Arias removed from the United States to El Salvador. ECF 5-2. Rodriguez-Arias's counseled appeal to the Board of Immigration Appeal ("BIA") of the removal order was remanded to the IJ to address his argument regarding his former membership in a criminal gang in the United States as support for withholding removal. ECF 5-9.

On remand, the IJ again denied all applications for relief from removal. ECF 5-10. Rodriguez-Arias's appeal of that removal order remains pending before the BIA. ECF 5-11.

## Analysis

Administrative review of a removal order becomes final either (1) upon a determination by the BIA affirming the IJ's order of removal, or (2) after expiration of the period during which the alien is permitted to seek review of an order of removal by the BIA. *See* 8 U.S.C. § 1101(a)(47)(B). Rodriguez-Arias is exercising the first option and is appealing the IJ's decision before the BIA. ECF 5-11. Because his appeal is pending before the BIA, the removal order is not administratively final.

Insofar as Rodriguez-Arias is raising a constitutional challenge to his continued pre-removal order of detention, the court shall summarily dismiss the action. Until a final decision is rendered on his removal, his detention is governed by 8 U.S.C. § 1226, which applies to an alien whose removal is sought but not yet determined. Under § 1226(e), such discretionary determinations are not subject to federal judicial review. *See* 8 U.S.C. § 1226(e); *Hyacinthe v. U.S. Attorney General*, 215 F. App'x 856, 862 n.7 (11th Cir. 2007) (holding that the court lacks jurisdiction to review plaintiff's claims regarding the immigration judge's denial of bond); *Galvez*, 56 F. Supp. 2d at 641 (§ 236e divests this court of the authority to review discretionary decisions by the IJ under § 236(a) regarding petitioner's detention and bond.). Having received

all the relief to which he was entitled—individualized bond hearings—his claims are moot. *See Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (case becomes moot "when the claimant receives the relief he or she sought to obtain through the claim") (internal citations and quotations omitted). This court therefore lacks jurisdiction to hear this matter.

Once the removal decision is final, detention during the removal period is governed by 8 U.S.C. § 1231. However, completion of removal proceedings does not necessarily entitle Rodriguez-Arias to the relief he seeks because ICE is permitted to release certain aliens and detain others, based on mandatory detention language found in 8 U.S.C. § 1226(c). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court found that the mandatory detention provision of an alien under § 1226(c) was a constitutionally permissible part of the removal process for the "limited period" necessary to complete the removal proceedings. *Id*. at 531. *Demore* generally upheld the constitutionality of 8 U.S.C. § 1226, with the caveat that the Attorney General may detain an alien without conducting an individualized bail hearing where the alien concedes he is removable within the meaning of 8 U.S.C. § 1226(c)(1)(B). *See Demore*, 538 U.S. at 522-23, 531.

The *Demore* Court distinguished *Zadvydas v. Davis*, 533 U.S. 678 (2001), a case in which the Supreme Court held that an alien subject to a final order of removal could not be indefinitely detained pursuant to 8 U.S.C. § 1231, on the grounds that (1) an alien detained for the limited period necessary to effect a removal pursuant to § 1226(c) was not detained indefinitely; and (2) mandatory detention pursuant to 8 U.S.C. § 1226(c) was generally of a much shorter duration than post-removal–period detention pursuant to § 1231. *See Demore*, 538 U.S. at 530.

Since the issuance of *Demore*, courts have looked to the length and duration of an alien's mandatory detention under § 1226(c).   For example, in *Tijani v. Willis*, 430 F. 3d 1241 (9th Cir. 2005),  the Ninth Circuit concluded that § 1226(c) applied to "expedited" removal proceedings and found that mandatory detention for a period of two years and four months was not "expeditious."   *See Tijani*, 430 F.3d at 1242; *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1137-38 (9th Cir. 2013).   The Ninth Circuit also concluded that the length of the detention must be for a reasonable period and the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.   *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1079 (9th Cir. 2006).

At the time this petition was filed Rodriquez-Arias had received several bond hearings and had been held in ICE custody for 17 months pending completion of removal proceedings. The court finds no constitutional violation associated with his detention.  For these reasons, the 28 U.S.C. § 2241 petition shall be dismissed without prejudice.  A separate order follows.

Date: September 25, 2017                          _____/s/_____
                                                                   James K. Bredar
                                                                   United States District Judge